## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARMANDO JOSE LOPEZ YOC,      )
      )
            Petitioner,      )
      )
         v.      )    Civil Action No. 3:26-cv-785
      )
LEONARD ODDO, *et al.*,      )
      )
         Respondents.    )

### MEMORANDUM ORDER

### I.    INTRODUCTION

Presently pending before the Court is a counseled Motion to Enforce Habeas Corpus Order Granting Bond Hearing and supporting Memorandum (Docket Nos. 10, 11, 13, 14). Respondents filed a Response opposing the Motion. (Docket No. 15). The Motion shall be denied.

### II.    BACKGROUND

Petitioner Armando Jose Lopez Yoc ("Petitioner") is a native and citizen of Guatemala who crossed the border into the United States without inspection at an unknown time and place and who was not admitted or paroled by an Immigration Officer. (ECF Nos. 1, ¶ 44; 5-1). Petitioner is currently detained in the custody of Immigration and Customs Enforcement ("ICE") at Moshannon Valley Processing Center after initially having been detained in West Virginia during a traffic stop conducted by a local sheriff. (ECF No. 1, ¶¶ 18, 43). Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") (Docket No. 1). On June 3, 2026, the Court granted the Petition and ordered Respondents to provide Petitioner an individualized bond hearing. (Docket No. 7).

An Immigration Judge received evidence and briefing and held an individualized bond hearing on June 11, 2026. (Docket Nos. 14-1 – 14-4). The Immigration Judge denied bond in a

1

written order explaining the decision that Petitioner had not met his burden of establishing that he is not a flight risk. (Docket No. 14-3). Petitioner filed an appeal with the BIA to challenge the Immigration Judge's denials of bond. Here, Petitioner contends that the hearing was not individualized and generally challenges the Immigration Judge's decision and several bases supporting it.

III.    DISCUSSION

Section 1226(a) authorizes the Attorney General to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). As long as the alien is not covered by Section 1226(c) (applying to those who fall within one of the enumerated categories of criminal offenses and terrorist activities), the Attorney General "may continue to detain the arrested alien" or "may release the alien on . . . bond . . . or conditional parole[.]" 8 U.S.C. § 1226(a)(1), (2). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

The Attorney General, through the Department of Homeland Security's district director, makes an initial custody determination as to whether an alien should be detained pending completion of removal proceedings, or whether the alien should be released on bond. *See* 8 C.F.R. § 236.1(c). If the district director denies bond and the alien is not subject to an administratively final order of removal, the alien may seek release by requesting an initial bond redetermination hearing before an immigration judge. *See* 8 C.F.R. §§ 236.1(d), 1003.19.[1] The alien may appeal an immigration judge's decision on a bond redetermination to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 236.1(d)(3). The BIA's decision to detain or release an arrested alien on

---

[1] If denied bond, an alien subsequently can request an additional bond redetermination hearing before an immigration judge, but only "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

bond is discretionary and generally is not subject to judicial review. *See* 8 U.S.C. § 1226(e) (providing that the Attorney General's discretionary judgment regarding the application of § 1226 shall not be subject to review, and stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole").

Here, Petitioner has been provided a bond hearing before an immigration judge who denied release by finding Petitioner to be a flight risk.[2] That decision is appealable to the BIA. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f). Petitioner has filed such an appeal and has filed the instant Motion challenging the Immigration Judge's decision. However, "various provisions of the [Immigration and Nationality Act ("INA")] limit an alien's ability to collaterally attack (challenge) ongoing immigration proceedings through habeas." *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (*per curiam*). Notably, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

---

[2]     This Court also concludes that Petitioner, as the movant, failed to meet his burden of proving the three essential elements of a "fundamentally" fair bond hearing under the test set forth by the United States Court of Appeals for the Third Circuit in *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Petitioner did supply this Court with its briefing and evidentiary submissions provided to the Immigration Judge and this Court also has the benefit of the Immigration Judge's written order explaining the decision to deny bond, those materials. Based upon this record, the Court concludes that Petitioner failed to establish these *Ghanem* factors. Petitioner did not supply a recording or transcript of the bond hearing that might otherwise undermine this determination or otherwise satisfy his burden of proof.

3

8 U.S.C. § 1252(b)(9).[3] This statutory provision "strips the District Court of jurisdiction" and requires the alien to "wait to raise his claims until he files a petition for review (PFR) of a final order of removal." *Khalil*, 164 F.4th at 273 (indicating that detention is an "'action taken' as a part of . . . removal proceedings," and applying § 1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a PFR).

In this Court's considered judgment, the Petition seeks judicial review of questions of law and fact inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States, including the application of the Due Process Clause to the regulatorily established burden of proof applied by the immigration judge when evaluating evidence presented (or not presented) at the bond hearing afforded to Petitioner pursuant to Section 1226(a).

IV.   CONCLUSION

The Court concludes that it is precluded from adjudicating questions of law and fact arising determined by the immigration judge pursuant to 8 U.S.C. § 1252(b)(9). Therefore, Petitioner's Motion is denied.

Accordingly, the Court enters the following Order:

AND NOW, this 13th day of August, 2026, IT IS HEREBY ORDERED that Petitioner Armando Jose Lopez Yoc's Motion to Enforce Habeas Corpus Order (Docket Nos. 10, 13) is DENIED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

[3]    *See also* 8 U.S.C. § 1226(e).

4